Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000007
24-FEB-2017
07:52 AM

NO. CAAP-16-0000007

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HUNNIE VAA, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1P1120007061)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Hunnie Vaa (Vaa) with third-degree assault. After a bench trial, the District Court of the First Circuit (District Court)[1] found Vaa guilty as charged.  The District Court entered its Judgment on December 7, 2015.

On appeal, Vaa contends that: (1) the District Court failed to properly advise Vaa of the right to testify as required by Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995); (2) there was insufficient evidence to support Vaa's conviction; and (3) the District Court failed to accord Vaa the right to allocution at sentencing.  We vacate the District Court's Judgment and remand the case for a new trial.

---

[1] The Honorable Russel S. Nagata presided.

I.

We resolve the arguments raised by Vaa on appeal as follows:

1. The State concedes that the District Court's Tachibana advisement was deficient because it failed to include the advisement that if Vaa wanted to testify, no one could prevent Vaa from doing so. See Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7. The State also concedes that this error was not harmless. See State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000). We agree with the State's concession of error as it is supported by the record and well-founded in law. State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000).

2. We reject Vaa's claim that there was insufficient evidence to identify Vaa as the perpetrator of the charged assault. In particular, Vaa contends that the complaining witness's in-court identification of Vaa "created a substantial likelihood of irreparable misidentification and should not have been deemed reliable as evidence" by the District Court. However, Vaa did not move to preclude, and did not object at trial to, the complaining witness's in-court identification. Therefore, the District Court was entitled to consider the complaining witness's in-court identification. See State v. Samuel, 74 Haw. 141, 147, 838 P.2d 1374, 1378 (1992) ("The general rule is that evidence to which no objection has been made may properly be considered by the trier of fact and its admission will not constitute grounds for reversal."); State v. Wallace, 80 Hawai'i 382, 410, 910 P.2d 695, 723 (1996) ("[T]he rule is well settled that evidence even though incompetent, if admitted without objection or motion to strike, is to be given the same probative force as that to which it would be entitled if it were competent." (internal quotation marks and citation omitted)).

At trial, the complaining witness identified Vaa as the person who punched the complaining witness in the head, causing the complaining witness to feel pain. The complaining witness

testified that she was positive it was Vaa who punched her. When viewed in the light most favorable to the State, and recognizing the province of the trier of fact to determine the credibility of witnesses and the weight of the evidence, we conclude that the evidence presented was sufficient to support Vaa's conviction. See State v. Smith, 106 Hawai'i 365, 372, 105 P.3d 242, 249 (App. 2004).

3.     The State concedes that the District Court failed to accord Vaa the right to allocution at sentencing. We agree with this concession of error. See Hawai'i Rules of Penal Procedure Rule 32(a) (2012); State v. Schaefer, 117 Hawai'i 490, 497-98, 184 P.3d 805, 812-13 (App. 2008); Hoang, 93 Hawai'i at 336, 3 P.3d at 502.

II.

Based on the foregoing, we vacate the District Court's Judgment and remand the case for a new trial. The standard remedy for a violation of the right to allocution is to remand the case for resentencing before a different judge. Schaefer, 117 Hawai'i at 498, 184 P.3d at 813. In this case, however, the case is being remanded for retrial, and not just for resentencing. Out of an abundance of caution and to avoid any issue at sentencing if Vaa is found guilty after a retrial, we direct that on remand the case be assigned to a different judge.

DATED: Honolulu, Hawai'i, February 24, 2017.

On the briefs:

Walter J. Rodby
for Defendant-Appellant.

Donn Fudo
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

3